HELEN HOLLY

vs.

ATLAS TOOL WORKS

Superior Court  Fairfield County  File #45429
  Present: Hon. ALFRED C. BALDWIN, Judge.
Shannon & Wilder,   Attorneys for the Plaintiff.
Sidney H. Johnson,   Attorney for the Defendant.

**MEMORANDUM FILED APRIL 9, 1935.**

BALDWIN, J. On January 24, 1934, the plaintiff was a tenant of the defendant's occupying a tenement in a house designed for and accommodating four families, each in separate tenements. There are two tenements on the first floor and two on the second floor. There is a solid wall constructed through the building so that there is no means of passage or communication from any one tenement to another within the building. There is no common passway, hall or stairway within the building, each tenement has an entrance and exit which accommodates only that tenement to and from which it leads.

The plaintiff and her family, from sometime in 1927 up to the time of her accident on January 24, 1934, occupied one of the tenements on the second floor. The only entrance to and exit from this tenement is a straight stairway between two solid walls leading from a porch located on one side of the house, and leading direct to the kitchen of this tenement. A door opens from this porch into a small space at the foot of this stairway and at the top of the stairs is a door opening into the kitchen. The walls on each side of the space at the foot of the stairs are a continuation of the walls enclosing the stairs and with no opening other than the door through which entrance is gained from the porch. The porch accommodates also one of the tenements on the first floor, entrance therefrom being had through a door opening from this porch into one of the rooms of this first floor tenement. This porch, a part of which is enclosed and is outside of the building is the only part of the structure that is used in common and this common use accommodates only one first floor tenement, and the plaintiff's second floor tenement.

There is no means of lighting this stairway other than by such light as may come through the kitchen door from the kitchen when that door is open, or from the door opening

from the porch when that door is open. This failure to pro-
vide lighting facilities in this stairway is the only neglect com-
plained of.

This stairway was not a public or common passway, hall or
stairway. It was within and a part of the tenement occupied
by the plaintiff and her family under the sole use and control
of the tenant occupying the tenement to which it led, and
the plaintiff exercised the same sole use and control over it
that she exercised over the rooms of the tenement which she
occupied.

The case does not come within our Tenement House Act,
the injury having occurred within the tenement over which
the plaintiff and her family had control and not within a public
or common passway, the control of which had been reserved
by the owner.

See **Chambers vs. Lowe, 117 Conn. 624.**

Judgment may be entered for the defendant.